# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN F. THAXTON, II, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 09-cv-683-TCK-TLW ) |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Leave to Take Deposition Out-of-Time (dkt. # 50). Defendant filed a response (dkt. # 53) and opposes the motion. Plaintiff filed a reply. (Dkt. # 55). The Court does not believe that a hearing would be helpful, and neither party has requested a hearing.

Plaintiff seeks leave, after the discovery deadline, to take the deposition of a third party, also a former employee of defendant, who has also sued defendant. The third party asserted claims of (1) sexual harassment and (2) retaliation for his opposition to sexual harassment. Plaintiff's claims in this lawsuit arise out of alleged racial discrimination and wrongful discharge related to such discrimination. Plaintiff does not claim retaliation. (Dkt. ## 1, 29). Plaintiff cites Coletti v. Cudd Pressure Control, 165 F.3d 767 (10th Cir. 1999) for the proposition that "[t]he testimony of other employees about their treatment by the defendant employer is relevant to the issue of the employer's discriminatory intent if the testimony establishes a pattern of retaliatory behavior or tends to discredit the employer's assertion of legitimate motives." (Dkt. # 55 at 2) (quoting Coletti). Although not referenced by plaintiff, Coletti qualifies this statement by saying, "plaintiff must show the circumstances involving the other employees are such that

their statements can 'logically or reasonably be tied to the decision to terminate [the plaintiff].'" Coletti, 165 F.3d at 777 (quoting Curtis v. Oklahoma City Pub. Schls. Bd. Of Educ., 147 F.3d 1200, 1217 (10th Cir. 1998)).  Plaintiff has not shown such a connection.  Rather, plaintiff seems to imply that the mere existence of allegations in a second lawsuit against the same employer are sufficient even if the allegations involve an entirely different type of discrimination and even if the allegations in the second lawsuit do not involve retaliation when the first do.  The case does not go that far.  Of course, Coletti was addressing admissibility, and it is not this Court's role to determine admissibility, but in light of the language in Coletti, and the current record, this Court is having trouble finding that the information sought could be anything other than marginally relevant.

As importantly, plaintiff seeks to take a deposition after the discovery deadline, and doing so will disrupt the current dispositive motion schedule.  Plaintiff's excuse is that she first learned of the need to take the additional deposition on the discovery deadline (August 31, 2011), when plaintiff's counsel took the deposition of plaintiff's direct supervisor.  This deposition was originally scheduled for July 20, 2011, but was cancelled at Defendant's request due to scheduling conflicts.  Thus, plaintiff argues that he could not have learned of the need for the additional deposition "at any earlier point in discovery."  Plaintiff does not explain why his supervisor's deposition could not be scheduled any earlier than August 31, 2011, why he did not serve written discovery seeking information related to other similar claims (if the one at issue is similar) of discrimination against his supervisor, or why he delayed filing his motion until more than a month later.  Reopening discovery under the current circumstances and without a better explanation from plaintiff would set the bar too low for granting such requests and would seriously undermine the significance of the discovery deadline.

Based on the questionable relevance of the discovery plaintiff seeks and the lack of good cause[1] for extending discovery beyond the existing deadline, the Court DENIES plaintiff's motion.

SO ORDERED this 13th day of October, 2011.

T. Lane Wilson
United States Magistrate Judge

---

[1] The lack of good cause is a sufficient basis alone given the record before the Court.